CULPEPPER, Judge
(dissenting).
I agree with the majority decision on rehearing that this case is not moot. The plaintiff wants a permit to build apartment houses. His application for such a permit was denied by the city on the basis of emergency zoning ordinance No. 883. Plaintiff then filed a suit attacking the validity of the ordinance on the grounds that there actually was no emergency. The district judge held there was no emergency and decreed the emergency ordinance invalid. The city appealed. Plaintiff concedes that if the district court judgment is affirmed, he will seek a mandatory injunction ordering' the city to issue a building permit for the apartment houses, on the theory that at the time he applied for the permit there was no valid zoning ordinance prohibiting such structures. Thus, it is clear that plaintiffs’ rights to the building permit may depend on the validity of the emergency zoning ordinance, regardless of the fact that a regular ordinance to the same effect was adopted after plaintiff applied for the permit. The case is not moot. We must decide on the merits whether the emergency ordinance is valid.
However, I strongly disagree with the majority on rehearing in its holding that there was no emergency justifying the city in the adoption of this emergency zoning ordinance No. 883. The facts show that the city’s comprehensive zoning ordinance No. 718 was held invalid by the district court in a previous suit on August 18, 1969. On the very next day, August 19, 1969, the city of Lafayette adopted emergency zoning ordinance No. 883, the one attacked in the instant suit. The purpose was to. protect its citizens during the delays necessary to adopt another regular zoning ordinance. The city also filed on August 27, 1969, a timely suspensive appeal. It had already initiated proceedings for the adoption of a regular *312 zoning ordinance by filing the ordinance, advertising it, etc. When the regular ordinance became effective, the suspensive appeal in the previous suit was dismissed.
The majority opinion implies that the city was negligent or dilatory in some respect. This is not correct. The city acted promptly and reasonably to protect its citizens from the financial losses, hazards to health and disturbance of peace and quiet which could have resulted from being without a comprehensive zoning ordinance. Saloons, dance halls, junkyards, industrial structures, etc. could have been built in the middle of residential districts, had it not been for the emergency zoning ordinance. This was a serious emergency.
The majority opinion concedes our jurisprudence is established that judicial review of the exercise of legislative discretion by such municipal governing bodies is strictly limited. Certainly, in the present case, the city was acting within the realm of its great legislative discretion.
For the reasons assigned, I respectfully dissent.